FILED
2014 Sep-12 PM 04:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| TERESA DENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: |
| v. | ) | CV-- |
| GC Services, LP | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, by and through her attorney, and avers against the Defendant the following:

## INTRODUCTION

1. This is an FDCPA case that arises from Defendant's telephone calls to the Plaintiff in violation of 15 U.S.C. §1692d and §1692e.

2. Defendant's actions violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., (hereinafter "FDCPA").

## PARTIES

3. Plaintiff is a resident citizen of Madison County, Alabama and has been so for over two years.

4. Plaintiff is a "consumer" as defined by the Fair Debt Collection Practices Act.

5. Defendant is a foreign limited partnership engaged in the business of collecting debts in this state, with its principal places of business located at 6330 Gulfton, Houston, TX 77081.

6. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is a "debt collector" according to 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 15 U.S.C. §1692k(d) to hear Plaintiff's FDCPA claims in this matter.

9. This Court has personal jurisdiction over the Defendant because the Defendant has engaged in direct communications attempting to collect debts from Alabama resident citizens dwelling within this state.

10. Venue is proper as substantially all of the events or omissions giving rise to the Plaintiff's claims occurred within this district.

## FACTUAL ALLEGATIONS

11. At all times relevant to this proceeding, the Defendant was acting in an attempt to collect from the Plaintiff a debt allegedly owed to Sallie Mae, Inc.

12. On or about May 8, 2014, agents of the Defendant began telephoning the Plaintiff in connection with an alleged debt owed to an alleged creditor of the Plaintiff.

13. The Defendant left a series voice mails on the telephone, each of which stated the exact same thing: "This message is for Teresa Dent. My name is Joseph Ellis. I would appreciate you calling me back. You can reach me at 1-855-877-7995. Thank you."

14. Upon information and belief, the messages were pre-recorded.
15. The voice mails were left on or about the following dates: May 8, 2014, May 13, 2014, and June 17, 2014.
16. At all times relevant to this proceeding, all of the offending communications were made by agents of the Defendant acting on behalf of the Defendant.
17. At all times relevant to this proceeding, all communications made by agents of the Defendant to Plaintiff were for the purpose of collecting a consumer debt.
18. At no point during the voice mails did the Defendant disclose who it was, or why it was calling.
19. At no point during the voice mails did the Defendant disclose that it was a debt collector.
20. The Defendant intentionally failed to meaningfully identify itself and disclose that it was a debt collector.
21. The purpose of Defendant's failure to identify itself or disclose that it was a debt collector was to trick the Plaintiff into returning the Defendant's telephone call.
22. Consumers such as the Plaintiff often have multiple creditors and collectors calling them constantly, and it is stressful, embarrassing, and exhausting for someone already in dire financial straits to deal with these communications.
23. Understandably, many consumers such as the Plaintiff choose not to accept debt collector telephone calls, preferring to deal with more reliable and less stressful means of communication like the mail.
24. Debt collectors, however, prefer to communicate by telephone, because they are more trained, experienced, and emotionally prepared to discuss the financial problems of the consumers they deal with.
25. Debt collectors like the Defendant are at an advantage vis-a-vis

consumers like the Plaintiff in telephone communication, because the immediacy of the contact allows them to 'measure up' the consumer in real-time, and focus their efforts on the weaknesses or vulnerabilities they sense in the consumer.

26. While collectors have the right to use the telephone system in a reasonable manner, they do not have the right to dupe unsuspecting people into serious and stressful conversations that they wish to avoid.

27. That is why Congress considers it harassing and oppressive for a debt collector to make "telephone calls without meaningful disclosure of the caller's identity,"[1] and deceitful for a debt collector to make *any* communications to a consumer without disclosing "that the communication is from a debt collector."[2]

28. In this case, the Defendant has violated both of these provisions, causing much stress and anxiety to the Plaintiff, forcing her to take time from work and family to discover the identity and meaning of the telephone calls, and other damages.

29. It is a pattern and practice of the Defendant to send messages to consumers which fail to disclose that the Defendant is a debt collector.

30. It is a pattern and practice of the Defendant to send messages to consumers which fail to meaningfully identify the Defendant to the consumer.

31. The Fair Debt Collection Practices Act exists not only to protect consumers from the unlawful actions of negligent or willfully bad debt collectors, but also to protect law-abiding debt collectors from being disadvantaged by their adherence to the law.

32. Because the Defendant routinely and systematically violates the law in this regard, it is incumbent upon the Court to award statutory

---

[1] 15 U.S.C. §1692d(6)
[2] 15 U.S.C. §1692e(11)

damages against the Defendant to the fullest extent allowed by law.

### COUNT ONE: 15 U.S.C. §1692d(6)

33. Plaintiff realleges and incorporates by reference paragraphs 1 through 32 above.

34. Defendant on at least three separate occasions contacted the Plaintiff by telephone without making any meaningful disclosure of its identity.

35. 15 U.S.C. §1692d(6) prohibits a debt collector from making any telephone call without meaningful disclosure of its identity.

36. Plaintiff has been damaged by Defendant's violation of 15 U.S.C. §1692d(6).

37. Pursuant to 15 U.S.C. §1692k, Defendant is therefore liable to the Plaintiff for actual damages, statutory damages of $1,000, costs, and attorney's fees.

### COUNT TWO: 15 USC. §1692d

38. Plaintiff realleges and incorporates by reference paragraphs 1 through 32 above.

39. Defendant on at least three separate occasions contacted the Plaintiff by telephone without informing the Plaintiff that the telephone call was from a debt collector.

40. A telephone call is a "communication."

41. 15 U.S.C. §1692e(11) prohibits a debt collector from making any communication without disclosing that it is a debt collector.

42. As described above, Plaintiff has been damaged by Defendant's violation of 15 U.S.C. §1692e(11).

43. Pursuant to 15 U.S.C. §1692k, Defendant is therefore liable to the

Plaintiff for actual damages, statutory damages of $1,000, costs, and attorney's fees.

WHEREFORE, PREMISES CONISDERED, Your Plaintiff respectfully prays this Honorable Court Issue an Order against the Defendant for the following:

A) Actual damages arising from the Defendant' violations of the Fair Debt Collection Practices Act;
B) Statutory damages of One Thousand Dollars ($1000) from each Defendant for its violations of the Fair Debt Collection Practices Act;
C) Costs, expenses, and reasonable attorneys fees incurred in bringing this action;
D) **A trial before a struck jury;**
E) For such other, further, and general relief as Your Honor deems just and proper;

RESPECTFULLY SUBMITTED this the 12th Day of September, 2014

/s/ Judson E. Crump
Judson E. Crump [CRU021]
Attorney for Plaintiff

Judson E. Crump, PC
250 Congress Street
Mobile, AL 36603
251.272.9148
judson@judsonecrump.com